1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
   LAW OFFICES OF MICHAEL TRACY
3  2030 Main Street, Suite 1300
4  Irvine, CA  92614
   T: (949) 260-9171
5  F: (866) 365-3051

6  
   Attorneys for Plaintiffs Neomalie Peries, Derrick Ah Sam, Darin Kato, Jamie
7  Sinsheimer, and Forrest Tagliamonte

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11

| | |
|---|---|
| 12  NEOMALIE PERIES, AN INDIVIDUAL; DERRICK AH SAM, AN INDIVIDUAL; DARIN KATO, AN INDIVIDUAL; JAMIE SINSHEIMER, AN INDIVIDUAL;  AND FORREST TAGLIAMONTE, AN INDIVIDUAL; on behalf of themselves and on behalf of The State of California Labor and Workforce Development Agency as Private Attorney Generals | Case No.: **COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA,   AND UNFAIR BUSINESS PRACTICES** **PRIVATE ATTORNEY GENERAL CLAIMS FOR UNPAID OVERTIME, MISSED MEAL BREAKS, IMPROPER PAY STUBS, AND IMPROPER RECORD KEEPING** |
| 19                    Plaintiffs, | |
| 20          vs. | |
| 22  SBATL, LLC, A DELAWARE CORPORATION; BERKELEY PRODUCTIONS, INC., A CALIFORNIA CORPORATION; HOWARD BAUER, AN INDIVIDUAL; | **DEMAND FOR JURY TRIAL** |
| 25              Defendants. | |

27  Plaintiff, NEOMALIE PERIES, alleges:

28

**JURISDICTION**

1.    This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2.    This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

**VENUE**

3.    This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the County of Los Angeles, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Los Angeles is the subject of this action.

**PARTIES**

4.    Plaintiff NEOMALIE PERIES ("PERIES") was employed intermittently by Defendants from January 1, 2012 through present.

5.    Plaintiff DERRICK AH SAM ("AH SAM") was employed intermittently by Defendants from February 1, 2012 through March 14, 2015.

6.    Plaintiff DARIN KATO ("KATO") was employed intermittently by Defendants from December 1, 2012 through present.

7.    Plaintiff JAMIE SINSHEIMER ("SINSHEIMER") was employed by Defendants from December 1, 2012 through present.

8.    Plaintiff FORREST TAGLIAMONTE ("TAGLIAMONTE") was

1  employed intermittently by Defendants from November 18, 2014 through present.

2       9.    Defendant SBATL, LLC ("SBATL") is a Delaware Corporation doing

3  business in the County of Los Angeles, State of California.

4       10.    Defendant BERKELEY PRODUCTIONS, INC. ("BERKLEY") is a

5  California Corporation doing business in the County of Los Angeles, State of

6  California.

7       11.    Defendant HOWARD BAUER ("BAUER") is an Individual doing

8  business in the County of Los Angeles, State of California.

9       12.    This complaint contains causes of action brought pursuant to Labor

10  Code § 2698, et seq. which allows Plaintiff to sue on behalf of the State of

11  California Labor and Workforce Development Agency ("LWDA") as a Private

12  Attorney General.  Pursuant to Labor Code § 2699(i), 75% of any penalties

13  recovered under this third type of action will be paid to the LWDA, with the

14  Plaintiff receiving the remaining 25%.

15       13.    Private Attorney General Act causes of action do not require class

16  certification.

17                **GENERAL ALLEGATIONS**

18       14.    Defendant BERKLEY is a production company involved in the filming

19  of the television show MasterChef.

20       15.    Plaintiffs worked on the MasterChef show under a variety of titles such

21  as "Culinary Producers", "Culinary Operations" and "Culinary Associate

22  Producers."   Essentially, Plaintiffs were involved in the purchasing, handling, and

23  display of produce for the television show.

24       16.    While the job duties of all the Plaintiffs are not identical, each one was

25  involved in setting up cooking equipment, receiving food items, preparing the food

26  to be used by contestants on the show, and cleaning up afterwards.

27       17.    All of the Plaintiffs were paid a flat weekly amount that was only

28  designed to pay for 40 hours of work.

18.    The Plaintiffs work corresponded with seasons of the television show. That is, the employees would be hired to film a season of the show and then be laid off until the next season.  As such, their employment ended with each season and began a new with the next season.

19.    While a season was filming, the Plaintiff would work 70-90 hours a week.  They were not paid any overtime.

20.    Each season lasted approximately 16 weeks.

21.    Each Plaintiff is claiming at least 640 overtime hours for each season worked.

22.    In addition, the Plaintiffs were told that they were only entitled to one meal break each day, regardless of the hours worked.  When the show was filming, the Plaintiffs would work 14 hours or more during a day and they were only permitted one meal break.  They were also not permitted to take rest breaks every 4 hours of work.

23.    SBATL goes by the name EPSG Talent Services and is a division of Entertainment Partners ("EP").  EP is a joint employer within the entertainment industry that handles many employment issues relating to employees of production companies.  SBATL and EP hold themselves out as joint employers and specifically state in their production service agreements that they are the joint common law employers along with the production companies.

24.    SBATL and BERKLEY jointly make many employment related decisions such as controlling benefits, calculating wages, and determining who should receive overtime pay.  SBATL specifically has the right to hire, fire, and control the Plaintiffs' work for the MasterChef show, though it does not typically direct the employees on a day-to-day basis.

25.    SBATL states that it is the common law employer of Plaintiffs.

26.    SBATL represents to the Internal Revenue Service that it is the common law employer of Plaintiffs.

COMPLAINT FOR LABOR VIOLATIONS

27.   The day-to-day work of the employees is directed and controlled by BAUER.  BAUER is the executive in charge of the show and controls the day-to-day operations of the show.   BAUER has the right to hire, fire, and control the work of Plaintiffs and directs them so on a daily or weekly basis.

28.   Plaintiffs have arbitration agreements with BERKLEY.

29.   Plaintiffs have submitted their non-PAGA claims to arbitration against BERKLEY.

30.   Plaintiffs will request that their claims submitted to arbitration be stayed pending the result of arbitration.

31.   Plaintiff's PAGA claims have not been submitted to arbitration.

32.   Plaintiff's claims against SBATL and BAUER have not been submitted to arbitration.

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

33.   Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney General Act ("PAGA") of 2004,  Plaintiffs are entitled to recover civil penalties on behalf of themselves and other current or former employees provided the notice and other procedures prescribed by the statute are followed.

34.   The "PAGA Plaintiffs" are:  Neomalie Peries, Jamie Sinsheimer, and Forrest Tagliamonte.

35.   PAGA Plaintiffs are pursuing civil penalties for violations of Cal. Labor Code Sections 226, subdivision (a), 510, 226.7, 1198, and 212.  These sections are all listed in Cal. Labor Code § 2699.5. As such, the procedures for this action are specified in Cal. Labor Code § 2699.3(a).

36.   PAGA Plaintiffs are aggrieved employees of these labor violations as set out in this complaint.  They bring the PAGA causes of action for violations against all AGGRIEVED EMPLOYEES, as defined below.

37.   PAGA Plaintiffs' attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants stating the

above mentioned code violations with facts to support each allegation. The certified mail was postmarked February 10, 2015.  A copy of this notification is attached as Exhibit A.

38.    The LWDA has failed to notify Plaintiff that they intend to investigate the allegations, and more than 33 days have elapsed since notice was sent.  As such, Plaintiff may commence a civil action pursuant to Cal. Labor Code § 2699.

39.    Cal. Labor Code § 2699(i) requires that any civil penalties be split with 75% paid to the LWDA and 25% paid to Plaintiff.

40.    The PAGA causes of action are brought for labor violations committed on the following group of AGGRIEVED EMPLOYEES: All culinary producers, culinary operations employees, or other employees who prepare or work with culinary products for the television show MasterChef.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

### (AGAINST SBATL and BERKLEY )

41.    Plaintiffs refer to and incorporates  by reference Paragraphs 1 through 40.

42.    This cause of action is brought against SBATL and BERKLEY, jointly and individually.

43.    Pursuant to Industrial Welfare Commission Order No. 12-2001, California Code of Regulations, Title 8, § 11120, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the seventh consecutive work

1  day in a week.

2        44.    Plaintiffs worked more than eight (8) hours in a single workday or forty

3  (40) hours in a single workweek on numerous occasions.

4        45.    Plaintiffs were entitled to the above overtime premiums.

5        46.    Defendants did not pay Plaintiffs premium wages of at least one and

6  one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a

7  day.

8        47.    Defendants did not pay Plaintiffs premium wages of at least one and

9  one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a

10  week.

11        48.    Defendants did not pay Plaintiff s premium wages of at least two times

12  Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

13        49.    Plaintiffs each worked at least one pay period in which they were not

14  properly paid overtime within the three (3) years prior to the initiation of this

15  lawsuit.

16        50.    Defendants know or should know the actual dates of overtime worked,

17  the amount of overtime worked, and the amount of unpaid overtime due.

18        51.    As a proximate result of Defendants' violations, Plaintiff PERIES has

19  been damaged in an amount in excess of $172,800 and subject to proof at time of

20  trial.

21        52.    As a proximate result of Defendants' violations, Plaintiff AH SAM has

22  been damaged in an amount in excess of $172,800 and subject to proof at time of

23  trial.

24        53.    As a proximate result of Defendants' violations, Plaintiff KATO has

25  been damaged in an amount in excess of $172,800 and subject to proof at time of

26  trial.

27        54.    As a proximate result of Defendants' violations, Plaintiff SINSHEIMER

28  has been damaged in an amount in excess of $172,800 and subject to proof at time

COMPLAINT FOR LABOR VIOLATIONS

1 | of trial.

2 | 55. As a proximate result of Defendants' violations, Plaintiff
3 | TAGLIAMONTE has been damaged in an amount in excess of $172,800 and
4 | subject to proof at time of trial.

5 | 56. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of
6 | Regulations, Title 8, § 11120, Plaintiffs are entitled to recover damages for the
7 | nonpayment of overtime premiums for all overtime hours worked, penalties,
8 | interest, plus reasonable attorney's fees and costs of suit.

9 | <u>**SECOND CAUSE OF ACTION**</u>

10 | **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**
11 | **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**
12 | **AND CALIFORNIA LABOR CODE SECTION 512**
13 | **(AGAINST SBATL, BERKLEY, )**

14 | 57. Plaintiffs refer to and incorporates by reference Paragraphs 1 through
15 | 56.

16 | 58. This cause of action is brought against SBATL and BERKLEY , jointly
17 | and individually.

18 | 59. Pursuant to Industrial Welfare Commission Order No. 12-2001,
19 | California Code of Regulations, Title 8, § 11120, for the period of Plaintiff's
20 | employment, Defendants were required to provide a thirty (30) minute meal period
21 | for any person working more than five (5) hours in a day.

22 | 60. Defendants failed to provide Plaintiffs a meal period for numerous days
23 | worked.

24 | 61. Defendants know or should know the dates for each missed meal period
25 | as well as the damages due.

26 | 62. Defendants failed to provide Plaintiffs at least one meal period within
27 | the three (3) years prior to filing this lawsuit.

28 | 63. Pursuant to Labor Code § 226.7 and California Code of Regulations,

1  Title 8, § 11120, Plaintiffs are entitled to recover one (1) hour of pay at the regular
2  rate of compensation for each workday that the meal period was not provided.

3      64.    Plaintiffs pray for damages for missed meals in an amount subject to
4  proof at time of trial.

5      65.    The Plaintiffs typically worked well in excess of 10 hour a day and were
6  only provided one meal break.

7      66.    The production has records of when meal breaks were taken because
8  other hourly employees recorded these on their timecards.

9      67.    Plaintiffs were told not to record meal break violations.

10                      **THIRD CAUSE OF ACTION**
11         **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED**
12               **UNDER LABOR CODE SECTION 226**
13                  **(AGAINST SBATL and BERKLEY, )**

14      68.    Plaintiffs refer to and incorporates by reference Paragraphs 1 through
15  67.

16      69.    This cause of action is brought against SBATL and BERKLEY , jointly
17  and individually.

18      70.    Pursuant to Labor Code § 226, every employer must furnish each
19  employee an itemized statement of wages and deductions at the time of payment of
20  wages.

21      71.    Defendants knowingly and intentionally furnished Plaintiffs pay stubs
22  that did not accurately reflect all the information required by Labor Code § 226.

23      72.    In particular, Plaintiffs paycheck stubs did not list the actual number of
24  hours worked.

25      73.    In this lawsuit, Plaintiffs will have to estimate the true number of hours
26  worked which will result in them not getting paid for all hours actually worked.

27      74.    Plaintiffs suffered injury under this cause of action within a period of
28  one (1) year prior to the initiation of this lawsuit.

COMPLAINT FOR LABOR VIOLATIONS

75.    Pursuant to Labor Code § 226(e) and (g), Plaintiffs pray for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

**<u>FOURTH CAUSE OF ACTION</u>**

**WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203**
**(AGAINST SBATL, BERKLEY, )**

76.    Plaintiffs refer to and incorporates by reference Paragraphs 1 through 75.

77.    This cause of action is brought against SBATL and BERKLEY , jointly and individually.

78.    Each of the Plaintiffs were laid off at the end of each season.

79.    Each Plaintiff requests waiting time penalties for each time their employment ended.

80.    Defendants know that Plaintiffs are non-exempt employees.

81.    Defendants willfully refused and continue to refuse to pay Plaintiffs unpaid wages as required by Labor Code § 203.  Defendants know that the pay is due and are refusing to pay it.

82.    Plaintiff PERIES requests damages and penalties as provided by Labor Code § 203 in the amount of $54,000 and subject to proof at time of trial.

83.    Plaintiff AH SAM requests damages and penalties as provided by Labor Code § 203 in the amount of $54,000 and subject to proof at time of trial.

84.    Plaintiff SINSHEIMER requests damages and penalties as provided by Labor Code § 203 in the amount of $54,000 and subject to proof at time of trial.

85.    Plaintiff KATO requests damages and penalties as provided by Labor Code § 203 in the amount of $54,000 and subject to proof at time of trial.

86.    Plaintiff TAGLIAMONTE requests damages and penalties as provided by Labor Code § 203 in the amount of $54,000 and subject to proof at time of trial.

COMPLAINT FOR LABOR VIOLATIONS

## FIFTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

87.     Plaintiffs refer to and incorporates by reference Paragraphs 1 through 86.

88.     This cause of action is against all Defendants, jointly and individually.

89.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a) and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of  pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

90.     Plaintiffs worked numerous weeks in excess of forty (40) hours.

91.     Plaintiffs are entitled to the above overtime premiums.

92.     Defendants failed to compensate Plaintiffs for any overtime premiums.

93.     This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

94.     Plaintiffs worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

95.     Plaintiffs' individual employment is covered by the terms of the Fair Labor Standards Act.

96.     Plaintiffs used equipment on the job that had previously been transported in interstate commerce.

97.     Defendant SBATL was the employer of Plaintiffs, as the term "employer" is defined in the Fair Labor Standards Act.

98.     Defendant SBATL was an enterprise covered by the provisions of the

Fair Labor Standards Act for the entire time of Plaintiff's employment.

99.   Defendant SBATL conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiffs were employed.

100.   Defendant SBATL employed at least two (2) employees during each and every 12 month period in which Plaintiffs were employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

101.   Defendant BERKLEY was the employer of Plaintiffs, as the term "employer" is defined in the Fair Labor Standards Act.

102.   Defendant BERKLEY was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

103.   Defendant BERKLEY conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiffs were employed.

104.   Defendant BERKLEY employed at least two (2) employees during each and every 12 month period in which Plaintiffs were employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

105.   Defendant BAUER was the employer of Plaintiffs, as the term "employer" is defined in the Fair Labor Standards Act. BAUER was a corporate officer and/or agent of SBATL. BAUER acted both directly and indirectly in the interest of SBATL, as it related to Plaintiff's employment and payment of wages.

106.   Additional compensation claimed for missed meal premiums must be used in computing the regular rate of pay on which overtime is due.  That is, if Plaintiffs are successful in claiming meal penalties, then that amount needs to be used to compute overtime due under the Fair Labor Standards Act.

107.   Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

108.  Plaintiffs pray for judgment for overtime pay of $100,000 each.

109.  Plaintiffs pray for judgment for liquidated damages in the amount of $100,000 each.  This amount is supplemental to the relief requested in all other causes of action.

110.  Plaintiffs pray for costs and attorney's fees.

## SIXTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

### (AGAINST SBATL and BERKLEY )

111.  Plaintiffs refers to and incorporates by reference Paragraphs 1 through 110.

112.  This cause of action is brought against SBATL and BERKLEY, jointly and individually.

113.  By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

114.  By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

115.  Plaintiffs pray for restitution under this Cause of Action in an amount subject to proof at time of trial.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR OVERTIME VIOLATIONS

### (AGAINST SBATL and BERKLEY)

116.  Plaintiffs refers to and incorporates by reference Paragraphs 1 through 115.

117.  This cause of action is brought against SBATL and BERKLEY, jointly and individually.

118.  This cause of action is brought by the PAGA Plaintiffs.

119.  All AGGRIEVED EMPLOYEES of Defendants were not properly paid overtime in violation of Cal. Lab. Code §§ 510 and 558.

120.  At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

121.  Cal. Labor Code § 2699(g) provides that any "employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

122.  PAGA Plaintiffs prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES FOR BREAK VIOLATIONS
### (AGAINST SBATL and BERKLEY)

123.  Plaintiffs refers to and incorporates by reference Paragraphs 1 through 122.

124.  This cause of action is brought against SBATL and BERKLEY,  jointly and individually.

125.  All AGGRIEVED EMPLOYEES of Defendants were subject to violations of Cal. Lab. Code §§ 226.7, 512 and 558.

126.  At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiffs giving notice to the LWDA.

127.  Defendant BAUER acted on behalf of SBATL and caused these meal period violations.

128.  PAGA Plaintiffs prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## NINTH CAUSE OF ACTION

### CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS

COMPLAINT FOR LABOR VIOLATIONS

**(AGAINST SBATL and BERKLEY )**

129.  Plaintiffs refers to and incorporates by reference Paragraphs 1 through 128.

130.  This cause of action is brought against SBATL, BERKLEY, jointly and individually.

131.  Cal. Labor Code § 226(a)(9) requires that the employer provide a pay stub that lists "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

132.  Defendants failed to comply with Labor Code § 226(a) for all AGGRIEVED EMPLOYEES.

133.  All the AGGRIEVED EMPLOYEES received a similar pay check stub which did not show the true number of hours worked.

134.  At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiffs giving notice to the LWDA.

135.  Cal. Labor Code § 226.3 provides that any employer who violates § 226(a) will be subject to a civil penalty of $250 per employee per pay period.

136.  PAGA Plaintiffs prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

**TENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILING TO KEEP RECORDS**

**(AGAINST SBATL and BERKLEY )**

137.  Plaintiffs  refers to and incorporates by reference Paragraphs 1 through 136.

138.  This cause of action is brought against SBATL and BERKLEY , jointly and individually.

139.  California Code of Regulations, Title 8, § 11120 requires that the employer keep track of the start and stop time of each shift and the start and stop

1  time for each meal break.

2  140.  Defendants willfully failed to keep proper start and stop time records for
3  all AGGRIEVED EMPLOYEES.

4  141.  Plaintiffs were specifically told not to record their hours work. Instead,
5  they were told to write "Worked" on their timecards.

6  142.  At least one such violation against an AGGRIEVED EMPLOYEE
7  occurred within the period of time one (1) year prior to Plaintiff giving notice to the
8  LWDA.

9  143.  Cal. Lab. Code § 1174(d) requires employers to keep accurate records
10  as required by the Wage Order, and as such is actionable under Cal. Lab. Code §
11  2698, et seq.

12  144.  PAGA Plaintiffs prays for civil penalties in an amount in excess of $500
13  and subject to proof at time of trial, costs and reasonable attorney's fees.

14

15  **WHEREFORE**, Plaintiff prays for the following relief:

16      1. Damages for PERIES in an amount in excess of $250,000.
17      2. Damages for AH SAM in an amount in excess of $250,000.
18      3. Damages for KATO in an amount in excess of $250,000.
19      4. Damages for SINSHEIMER in an amount in excess of $250,000.
20      5. Damages for TAGLIAMONTE in an amount in excess of $250,000.
21      6. For liquidated damages for each Plaintiff.
22      7. Damages for meal premiums not paid in an amount subject to proof at
23  trial.
24      8. For damages and penalties under Labor Code § 226 for Plaintiff
25  PERIES in an amount subject to proof at trial.
26      9. For penalties and damages pursuant to Labor Code § 203 for Plaintiff
27  PERIES in an amount of $54,000 and subject to proof at trial.
28

10. For penalties and damages pursuant to Labor Code § 203 for Plaintiff AH SAM in an amount of $54,000 and subject to proof at trial.

11. For penalties and damages pursuant to Labor Code § 203 for Plaintiff KATO in an amount of $54,000 and subject to proof at trial.

12. For penalties and damages pursuant to Labor Code § 203 for Plaintiff SINSHEIMER in an amount of $54,000 and subject to proof at trial.

13. For penalties and damages pursuant to Labor Code § 203 for Plaintiff TAGLIAMONTEin an amount of $54,000 and subject to proof at trial.

14. For restitution and disgorgement for all unfair business practices against Plaintiffs in an amount subject to proof at trial.

15. For prejudgment and post judgment interest.

16. Civil penalties under the Private Attorney General Act in an amount in excess of $400,000 and subject to proof at trial.

17. Cost of suit.

18. Attorneys' fees.

19. For such other and further relief as the court may deem proper.

DATED: April 29, 2015          LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiffs
Neomalie Peries, Derrick Ah Sam, Darin Kato,
Jamie Sinsheimer, and Forrest Tagliamonte

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED:  April 29, 2015               LAW OFFICES OF MICHAEL TRACY

By:   _____
      MICHAEL TRACY, Attorney for Plaintiffs
      Neomalie Peries, Derrick Ah Sam, Darin Kato,
      Jamie Sinsheimer, and Forrest Tagliamonte

COMPLAINT FOR LABOR VIOLATIONS

# EXHIBIT A

# LAW OFFICES OF MICHAEL TRACY

2030 Main St.  •  Suite 1300  •  Irvine, CA 92614  •  Phone: 949-260-9171  •  Fax: 866-365-3051

| | | |
|---|---|---|
| Labor and Workforce | Berkeley Productions, Inc. | SBATL, LLC |
| Development Agency | 1741 Ivar Ave. | 2835 N NAOMI ST |
| 800 Capitol Mall, MIC-55 | Los Angeles, CA 90028 | Burbank, CA 91503 |
| Sacramento, CA 95814 | | |

Date:  February 10, 2015

**RE: REPORTING LABOR VIOLATIONS OF BERKELEY PRODUCTIONS, INC.**

Dear Labor and Workforce Development Agency:

I am an attorney who represents Neomalie Peries, Jamie Sinsheimer, and Forrest Tagliamonte. ("Employees")  The Employees are current employees of Berkeley Productions, Inc. and SBATL, LLC ("Joint Employers").

Pursuant to Cal. Labor Code §2699, et seq, my clients are giving notice of alleged labor violations.  If the Labor and Workforce Development Agency does not have the time or interest in investigating these matters, please inform me of your intent to not investigate at the following address:

 Law Offices of Michael Tracy
 2030 Main St. Ste 1300
 Irvine, CA 92614

The companies' addresses are:

Berkeley Productions, Inc.
1741 Ivar Ave.
Los Angeles, CA 90028

SBATL, LLC
2835 N NAOMI ST.
Burbank, CA 91503

SBATL, LLC ("SBATL") goes by the name EPSG Talent Services and is a division of Entertainment Partners ("EP").  EP is a joint employer within the entertainment industry that handles many employment issues relating to employees of production companies. SBATL and EP hold themselves out as joint employers and specifically state in their

production service agreements that they are the joint common law employers along with the production companies.

Berkeley Productions, Inc. ("Berkley") is a production company for the television show MasterChef.  Berkley is involved in the day-to-day production of the show and pays EP to process the payroll and provide other joint employer functions such as controlling benefits, working conditions, making joint decisions on overtime pay, and withholding taxes as if SBATL were the common law employer. This production is non-union, and the Employees are not covered by any collective bargaining agreement.

Below are the facts and theories of the various labor violations committed against my client as well all other aggrieved employees in California. My client believes that all of the following labor violations were committed against all employees working in a similar capacity to the Employees.  The following employees are aggrieved of the violations ("AGGRIEVED EMPLOYEES"): All culinary producers, culinary operations employees, or other employees who prepare or work with culinary products for the television show MasterChef.  All of these violations have occurred within the past year and continue to occur as of the date of this letter.

The Joint Employers pay the Employees and other AGGRIEVED EMPLOYEES a fixed salary no matter how many hours are worked.  The Employees frequently work 14 hour days, 7 days a week.  The Employees are not compensated with any overtime pay in violation of Labor Code §510. My clients were paid for no more than 40 hours each week and did not receive overtime if more than 40 hours were worked.   My clients, from talking with other employees, understands that other AGGRIEVED EMPLOYEES were paid on a similar basis.

The Employees were not provided an adequate pay stub listing all hours worked as required by Cal. Labor Code §226. In particular, the Joint Employees do not print the number of hours worked on the pay check stubs so that the employees do not ask questions about overtime.  The Joint Employers instructed the employees to fill out timecards but to only write the word "worked" on days in which work was performed.  The Employees were told not to record their actual hours worked.  My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

The Joint Employers failed to keep time records showing when the employee started and stopped each work period. Employer also failed to keep accurate records showing the start and stop time of each meal period as required by the applicable Wage Order's record keeping requirement.  This is a violation of Cal. Lab. Code § 1198 and 1174(d). My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

The Employees were not provided ample meal periods or break periods as required under Cal Labor Code §226.7 and §512.  In particular, the Employees were instructed to continue working and were told that they were "exempt" employees who were not entitled to any breaks.  The Joint Employers prohibited the Employees from taking breaks

when the production was busy. My client believes that other AGGRIEVED
EMPLOYEES were similarly treated.

Thank you for your time and any assistance in this matter.


Thank You,

Michael Tracy
Attorney


cc: Berkeley Productions, Inc.,
        SBATL, LLC.